No. 2073

Second Circuit

HORTON v. BIENVILLE PARISH SCHOOL BOARD

(March 11, 1926. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Parishes—Par. 47, 48, 50.**

School boards are merely agencies of the state for the administration of the system of public education, and are not liable in damages for the injuries caused by the negligence of their employees, even though Act No. 100 of 1922 gives school boards the power to provide for transportation of school children.

2. **Louisiana Digest—Education—Par. 8; Pleading—Par. 62.**

A suit claiming damages from a school board for a tort committed by its employee for which it is not liable will be dismissed on exception no cause of action.

Appeal from the Third Judicial District Court of Louisiana, Parish of Bienville. Hon. J. E. Reynolds, Judge.

Action by W. W. and Mrs. Willie B. Horton, for the use and benefit of James B. Horton, against Bienville Parish School Board.

There was judgment maintaining an exception no cause of action and plaintiffs appealed.

Judgment affirmed.

Foster R. Taylor, of Arcadia, attorney for plaintiff, appellant.

W. D. Goff, of Arcadia, attorney for defendant, appellee.

## STATEMENT

WEBB, J. In this action the plaintiffs, representing their minor child, James B. Horton, and for his use and benefit, seek to recover judgment for damages against the Bienville Parish School Board for injuries sustained by the child, while being transported in a hack from the public school, which he was attending, to his home.

They allege that the driver of the hack was the agent and employee of defendant, and the injury received by the child was the result of an accident caused by the negligence of the driver.

An exception of no cause of action being filed by the defendant, it was sustained and the suit dismissed.

Plaintiffs appeal.

## OPINION

School boards are merely agencies of the state for the administration of the system of public education, and are not liable in damages for the injuries caused by the negligence of their officers, agents and employees. (Ruling Case Law, Schools, Vol. 24, Sec. 7 and 60. Also Sherman vs. Parish of Vermilion, 51 La. Ann. 880, 25 South. 538; Fisher Land & Investment Co. vs. Bordelon, 52 La. Ann. 429, 27 South. 59.)

While Act No. 100 of 1922, which in the main follows prior laws, gives to school boards great powers of administration, the powers granted nevertheless relate to the one object of public education, and we would not be warranted in reading into the statute by implication a provision rendering the school board liable for the negligence of its employees, unless such necessarily implied for other provisions of the statute, or laws relating to the same subject.

We do not think that the provision which authorizes the school boards, in certain instances, to provide for transporting school children to and from the school, indicates that it was the intention of the Legislature to make such boards liable for the negligence of persons employed by them to drive the conveyances in which the children may be transported.

The judgment is affirmed.