# Wallace v. Laurel County Board of Education et al.

June 13, 1941.

Murray L. Brown for appellant.

H. H. Owens for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

David Wallace, Jr., eleven years of age, was a pupil in the Lower Colony school in Laurel County. On Dec. 20, 1938, he was a passenger in a school bus operated by the Laurel County Board of Education through its driver, W. B. Bishop, for the purpose of transporting pupils to and from school and home. The child alighted from the bus near his home, was struck by a passing car and killed. His father qualified as administrator and brought this action for $25,000 damages against the Board and its bus driver, alleging the boy's death was the proximate result of defendant's negligence.

The Board filed a demurrer on the ground that it was performing a governmental function in operating the school bus, therefore it could not be held liable for the child's death. This demurrer was sustained with leave given plaintiff to amend. The amended petition alleged the Board at all times mentioned in the pleadings was protected from liability arising out of the ownership, or operation, of its school buses by an insurance policy carried by it with the New York Casualty Company, and any judgment which might be obtained against it must be satisfied by the insurance company and not out of the school fund or any money raised by taxation. The demurrer was likewise sustained to the amended petition, plaintiff refused to plead further, the petition was dismissed and he appeals.

There is but one question presented on this appeal: Is a County Board of Education liable in tort? To answer this question, it is necessary to determine whether or not the Board in operating its bus was exercising a governmental function, or a corporate or proprietary function. If the Board was exercising the former, it is not liable; while if engaged in the latter, it is liable.

Section 4399-20, Kentucky Statutes, deals with the power of the Board to control and manage public schools, and among other things provides:

"Schools shall be maintained for pupils of elementary grade within a reasonable walking distance of their homes or the board of education shall furnish transportation from its general funds or otherwise for any elementary pupil or pupils who do not reside within such distance, and any board of education may provide transportation from its general funds

or otherwise for any pupil or pupils of any grade or grades who do not live within a reasonable walking distance from the school; provided that such board shall adopt such rules and regulations as will insure the comfort, health and safety of the children who are transported; and provided further that such rules and regulations shall be consistent with the rules and regulations of the State Board of Education dealing with the transportation of pupils.''

We have written school taxes are classified as state and not local taxes, Com., by Board, v. Louisville Nat. Bank. 220 Ky. 89, 294 S. W. 815; and that members of the County Board of Education are state and not municipal officers, Middleton v. Middleton, 239 Ky. 759, 40 S. W. (2d) 311. In Com. ex rel. Baxter v. Burnett, 237 Ky. 473, 35 S. W. (2d) 857, will be found a quotation from City of Louisville v. Board of Education of City of Louisville, 154 Ky. 316, 157 S. W. 379, to the effect that every common school in the state is a state institution controlled and regulated by the state. In the course of the Burnett opinion it is said (237 Ky. 473, 35 S. W. (2) 858):

"Public education has always been regarded as a matter of state concern, and the state does not take its hands off the control and management of the school system by allowing or requiring the different localities to supplement the state's appropriation of funds by local taxation.''

Clark v. Nicholasville, 87, S. W. 300, 27 Ky. Law Rep. 974, holds a city is not liable for damages suffered by a pupil in one of its schools through a defective stairway, as the city in maintaining its public school system is acting in a governmental capacity. To the same effect is Ernst v. West Covington, 116 Ky. 850, 76 S. W. 1089, 63 L. R. A. 652, 105 Am. St. Rep. 241, 3 Ann. Cas. 882. There can be no doubt from these decisions but that the County Board of Education is an arm of the state and that in operating common schools it is engaged in a governmental function.

The fact that Sections 4399-20a and 4399-20b, Baldwin's 1941 Supplement, allow the Board to carry liability insurance against the negligence of drivers of school buses owned by the Board or operated under contract by it does not make the Board liable for the torts of its

agents or employees. Williams' Adm'x v. Church Home for Females and Infirmary for Sick, 223 Ky. 355, 3 S. W. (2d) 753, 62 A. L. R. 721. We have no statute imposing liability upon the Board on account of negligence by it or any of its employees in transporting children to and from school.

It is argued by appellant that Section 4399-18 creating the Board as a body corporate with power "to sue and to be sued" makes it liable for torts, citing Bank of Hopkinsville v. Western Kentucky Asylum for Insane, 108 Ky. 357, 56 S. W. 525. It was held the Bank had a cause of action against the Asylum to prevent the latter from diverting water from a stream so as to interfere with the operation of the former's mill. That opinion is rested on Herr v. Central Ky. Lunatic Asylum, 97 Ky. 458, 30 S. W. 971, 28 L. R. A. 394, 53 Am. St. Rep. 414, wherein it was held that an injunction would lie against the Asylum to prevent it from damming and polluting the creek to the damage of a lower riparian owner. It was pointed out in Board of Park Com'rs v. Prinz, 127 Ky. 460, 105 S. W. 948, that in the Bank and Herr cases there was what amounted to a taking of property within the meaning of Section 242 of the Kentucky Constitution, and the right given by the statute to sue an arm of the state, such as an asylum, permitted suit against it on contracts; or to protect one's property; but such authority to sue did not embrace an action for tort committed by any of its officers or agents in the performance of a public duty. The rule enunciated in the Prinz case has been followed in an unbroken line of cases down to the present date, two of the later being, Bogart's Adm'x v. City of Newport, 234 Ky. 410, 28 S. W. (2d) 489; Clark v. City of Louisville, 273 Ky. 645, 117 S. W. (2d) 614. Courts of other jurisdictions hold that the words "to sue and to be sued" in the legislative acts creating Boards of Education do not authorize an action for negligence, but have reference to suits respecting matters within the scope of the duties of the Board. State, Use of Weddle, v. Board of County School Com'rs, 94 Md. 334, 51 A. 289; Daniels v. Board of Education, 191 Mich. 339, 158 N. W. 23, L. R. A. 1916F, 468; Consolidated School District v. Wright, 128 Okl. 193, 261 P. 953, 56 A. L. R. 152.

Without determining whether or not Section 4399-22

makes it mandatory upon the Board to furnish transportation to children, and admitting for the sake of argument that this section is not mandatory but merely permits the Board to furnish transportation, yet this does not take the act of furnishing transportation out of the class of governmental functions. Krueger v. Board of Education, 310 Mo. 239, 274 S. W. 811, 40 A. L. R. 1086. As far as governmental acts are concerned, there is no distinction between those acts which are mandatory and those which are merely authorized. Tindley v. Salem, 137 Mass. 171, 50 Am. Rep. 289; Pope v. New Haven, 91 Conn. 79, 99 A. 51, L. R. A. 1917B, 1239; Nicholson v. Detroit, 129 Mich. 246, 88 N. W. 695, 56 L. R. A. 601; Emmons v. Virginia, 152 Minn. 295, 188 N. W. 561, 29 A. L. R. 860; Consolidated School District v. Wright, 128 Okl. 193, 261 P. 953, 56 A. L. R. 152.

We cite three cases wherein school districts were held not to be liable for injuries caused children by the negligence of drivers of school buses: Allen v. Independent School Dist., 173 Minn. 5, 216 N. W. 533; Horton v. Bienville Parish School Bd., 4 La. App. 123; Consolidated School District v. Wright, 128 Okl. 193, 261 P. 953, 956, 56 A. L. R. 152. In the Wright case, a child was injured by the alleged negligence of a teacher (who was also the bus driver) in overturning the bus. In denying recovery the court quoted from Dick v. Board of Education, Mo. Sup., 238 S. W. 1073, 21 A. L. R. 1327:

> "There can be no doubt that, when the state establishes and provides for the maintenance, operation, and management of public schools for the education of all children alike, at the expense of the public, it is acting in pursuance of a governmental policy founded solely in the public good. When these duties are * * * confided by law to a quasi corporation charged for that purpose, such corporation is charged with the use of such public funds devoted by law to that object. To that extent it is simply an instrument of the state government, and is entitled to no pecuniary profit from its services, which are devoted solely to the public."

The opinion then proceeds to quote from Harris v. Salem School District, 72 N. H. 424, 57 A. 332:

> "Any duty of a school district to transport school children to and from school is a public duty, and

their right to be so transported is a public right, so that, in the absence of a statute making the district liable, an action may not be maintained against it for personal injury to a scholar from its negligent furnishing of unsafe and unsuitable means of conveyance." Also see Antin v. Union High School Dist., 130 Or. 461, 280 P. 664, 66 A. L. R. 1271; and annotations in 56 A. L. R. 164; 66 A. L. R. 1281; 19 R. C. L. 1124, Section 402.

The only state we know where the rule is different (except in Washington where the subject is covered by statute) is New York. Reference is made to Herman v. Board of Education, 234 N. Y. 196, 137 N. E. 24, 24 A. L. R. 1065; Williams v. Board of Trustees of Eaton, 204 App. Div. 566, 198 N. Y. S. 476.

We follow the almost universal rule that a school district or a school board, in the absence of a statute imposing it, is not subject to liability for injuries to pupils of public schools received in connection with their attendance thereat, since school districts or boards of education act as agents of the state in maintaining schools and perform a public or governmental duty, nolens volens, imposed upon them by law for the benefit of the public, and for the performance of which they receive no profit or advantage.

The judge of the Laurel Circuit Court correctly sustained a demurrer to plaintiff's petition and his judgment in dismissing the petition as amended is affirmed.