## Taylor v. Knox County Board of Education.

Dec. 15, 1942.

768

Guy L. Dickinson and Murray L. Brown for appellant.

J. D. Tuggle and K. H. Tuggle for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

C. J. Taylor, Jr., a school child 15 years of age, suing by his next friend, C. J. Taylor, Sr., brought an action against the Knox County Board of Education to recover damages for personal injuries allegedly caused by the negligence of the driver of a school bus owned and operated by the defendant. In an amended petition it was alleged that the defendant carried liability insurance with the American Surety Company of New York, and that the contract of insurance bound the insurer to pay any final judgment rendered against the policyholder for the death of or injury to any school child who was a bona fide pupil in the common schools of Knox county; that the policy covered all school busses owned and operated by the defendant, including the bus in which plaintiff was a passenger at the time of his injury; and that the contract of insurance was entered into for the use and benefit of all the pupils in Knox county, including the plaintiff. It was alleged that the policy contained the following clause:

"Immunity Endorsement"—"It is hereby understood and agreed that in the event a claim arises under this policy on account of accident occurring during the term hereof or in the event suit is brought to enforce such claim the Company will not deny liability by reason of the named insured being a State, County or Municipal Corporation, provided, how-

ever, that such claim or suit brought thereon is not in excess of the limit of liability expressed herein.''

The limit of liability fixed by the policy was $5,000, and the plaintiff's claim in his petition as amended was for that amount. The court sustained a demurrer to the petition as amended on the authority of Wallace v. Laurel County Board of Education, 287 Ky. 454, 153 S. W. (2d) 915, 917, the plaintiff declined to plead further, and the petition as amended was dismissed.

On this appeal the appellee relies solely on the opinion in the Wallace case. In that case David Wallace, Jr., a school child, was struck by a passing car and killed as he alighted from a school bus near his home. The accident happened December 20, 1938. On the theory that the negligence of the bus driver was the proximate cause of the accident, the boy's administrator brought an action for damages against the county board of education. It was alleged that the board was protected from liability arising out of the ownership or operation of its school buses by an insurance policy carried by it with the New York Casualty Company, and any judgment which might be obtained against it must be satisfied by the insurer and not out of the school fund or any money raised by taxation. A demurrer to the petition was sustained and the petition dismissed, and this court affirmed the judgment of the circuit court. It was held that the county board of education was performing a governmental function in operating the school bus and therefore could not be held liable for the child's death. In the course of the opinion it was said:

"We follow the almost universal rule that a school district or a school board, in the absence of a statute imposing it, is not subject to liability for injuries to pupils of public schools received in connection with their attendance thereat, since school districts or boards of education act as agents of the state in maintaining schools and perform a public or governmental duty, nolens volens, imposed upon them by law for the benefit of the public, and for the performance of which they receive no profit or advantage.''

At its 1940 session, the General Assembly of Kentucky passed an act entitled "An Act to provide for the purchase of liability and indemnity insurance against

negligence of school bus drivers, and authorizing school boards to purchase same." Chapter 65, Acts 1940, Carroll's Kentucky Statutes, 1941 Supp., sections 4399-20a and 4399-20b. This act, as now compiled in KRS 160.310, reads:

"Each board of education may set aside funds to provide for liability and indemnity insurance against the negligence of the drivers or operators of school busses owned or operated by the board. If the transportation of pupils is let out under contract, the contract shall require the contractor to carry indemnity or liability insurance against negligence in such amount as the board designates. In either case the indemnity bond or insurance policy shall be issued by some surety or insurance company authorized to transact business in this state, and shall bind the company to pay any final judgment rendered against the insured for loss or damage to property of any school child or death or injury of any school child or other person."

The act carried an emergency clause which read:

"Whereas there is a vital need to properly protect the school children of the state in going to and returning from school, it is necessary that this legislation be effective immediately, and an emergency is hereby declared to exist and this bill will become law immediately upon its passage and approval by the Governor." Section 3.

Obviously the General Assembly enacted Chapter 65 of the Acts of 1940 in the light of the well-established rule of law later recognized in the case of Wallace v. Laurel County Board of Education, and for the purpose of qualifying that rule to the extent of permitting boards of education to protect by liability insurance persons injured by the negligence of drivers of school buses. The Legislature may make school boards liable for their torts or the torts of their agents and employees, and we know of no reason why it may not take a middle course and empower them to protect by liability insurance persons injured by the negligence of their bus drivers and to provide that the liability of the insurer shall be determined by the final judgment obtained by the injured person. The allegations of the petition as amended and the provisions of the insurance policy set out therein show that the insurance contract in the present case is

not an indemnity policy, but is a liability policy issued for the benefit of injured third parties who may sue the insurer when the amount of liability has been determined by a final judgment against the insured. Central Mut. Ins. Co. v. Pippen, 271 Ky. 280, 111 S. W. (2d) 425; Tucker v. State Automobile Mut. Ins. Co., 280 Ky. 212, 132 S. W. (2d) 935, 125 A. L. R. 751; New York Indemnity Co. v. Ewen, 221 Ky. 114, 298 S. W. 182; Appleman's Insurance Law and Practice, vol. 8, chapters 201 and 202. The contract of insurance indemnifies against liability and not against actual loss sustained by the insured, and was entered into with the understanding that the insured could not be compelled to pay any judgment against it. After a judgment has been obtained, the insurer occupies the same relation to the injured party as though the insured had been insolvent and a return of "no property found" had been made. Certainly, when the insurance company issued the policy it intended really to insure and not to have the board of education pay the premium out of public funds for nothing and make the policy a virtual fraud.

In Wallace v. Laurel County Board of Education the accident occurred prior to the enactment of Chapter 65 of the Acts of 1940, but the decision in that case was rendered subsequent to the effective date of the act. The act is not retroactive in its operation, and was not intended to be so. In the opinion the act was referred to, and appellant contends that the court's construction of the act precludes an action against a board of education under the state of facts disclosed by the petition in this case. Such is not the effect of that opinion. Referring to the act, the court said:

"The fact that Secs. 4399-20a and 4399-20b, Baldwin's 1941 Supplement, allow the Board to carry liability insurance against the negligence of drivers of school buses owned by the Board or operated under contract by it does not make the Board liable for the torts of its agents or employees. Williams' Adm'x v. Church Home for Females and Infirmary for Sick, 223 Ky. 355, 3 S. W. (2d) 753, 62 A. L. R. 721. We have no statute imposing liability upon the Board on account of negligence by it or any of its employees in transporting children to and from school."

The act does not make the board liable for the torts

772

of its agents and employees, but it does permit the board to be sued and a judgment to be obtained which, when final, shall measure the liability of the insurance carrier to the injured party for whose benefit the insurance policy was issued. In no event, of course, can the judgment be collected out of school funds. In the Williams case cited in Wallace v. Laurel County Board of Education, the contract of insurance was one of indemnity only, merely protecting the insured against loss, and it was held that since the insured was exempt from liability for the torts of its agents or employees the insurer was not liable to an injured party as there was no loss to the insured. Likewise, the petition in the Wallace case alleged, in substance, that the policy of insurance carried by the board of education merely protected it from loss. That being true, the rule announced in the Williams case was applicable. We think the petition as amended stated a cause of action, and that the court erred in sustaining the demurrer thereto.

The judgment is reversed, with directions to overrule the demurrer.

Whole Court sitting.