## Kirkpatrick's Adm'x (Bronaugh) v. Murray et al.

June 15, 1943.

O. P. Roper, and Taylor & Milam for appellant.

Petrie & Davis and J. D. Standard, and Smith & Willis for appelles.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This case presents the question as to the individual liability of the members of a county board of education and a county superintendent for their failure to require a private school bus operator to carry liability insurance as provided in KRS 160.310.

This section of the Statutes follows:

"Each board of education may set aside funds to provide for liability and indemnity insurance against the negligence of the drivers or operators of school busses owned or operated by the board. If the transportation of pupils is let out under contract, the contract shall require the contractor to carry indemnity or liability insurance against negligence in such amount as the board designates. In either case the indemnity bond or insurance policy shall be issued by some surety or insurance company authorized to transact business in this state, and shall bind the company to pay any final judgment rendered against the insured for loss or damage to property of any school child or death or injury of any school child or other person."

The appellant, plaintiff below, charged in substance: The Todd County Board of Education made a contract with Chester Terry, who owned a school bus, to haul colored pupils to and from school; Terry was not required to carry liability insurance as directed in KRS 160.310; while he was operating the bus in the regular course of his employment it collided with the car in which Mrs. Kirkpatrick was riding, fatally injuring her; suit was brought against Terry, which resulted in a $1,000 judgment against him; the execution on that judgment was returned with the notation "No property found"; Terry was insolvent at the time the board entered into a contract with him, and is still in the same financial condition; and the board did not set aside funds for indem-

nity or liability insurance against the negligence of Terry, nor did it require him to carry such insurance. This appeal is from a judgment dismissing the appellant's petition upon her failure to plead further after a demurrer was sustained to all of the paragraphs save one thereof.

The appellant stresses the recent case of Duff v. Chaney, 291 Ky. 308, 164 S. W. (2d) 483, in urging reversal. That case held the members of a county board of education who failed to perform their duty in approving the employment of a school teacher nominated by the superintendent of schools could be held liable individually to the teacher, although the board was exempt from liability in its official capacity where it had paid a substitute teacher for the position. Several recent cases to the same effect are cited therein. The Duff case went one step further, however, and held that the incoming superintendent who disregarded the nomination of the outgoing one and recommended the payment of another teacher could also be held liable the same as the offending board members.

The appellees question the constitutionality of the Statute under consideration. They urge also that the requiring of insurance of a private bus operator is a function which can be performed only by the school board acting as such, and not by the individual members thereof; and the violation of the Statute must have caused the appellant to suffer an injury from a breach of duty owing to her and the injury must have been the proximate result of such violation.

We will dispose of the constitutional question first. The contention is, since Section 184 of the Constitution directs that the dividends of the school fund and any sum produced by taxation for common school purposes shall be appropriated to the common schools and to no other purpose, the legislature could not require of a board of education that it use its funds for the carrying of liability or indemnity insurance for the benefit of any person, as well as school children. The transporting of pupils is a necessary part of the school program of the county board of education (KRS 158.110). The carrying of liability insurance is an expense incident to a rational program of school transportation. While no constitutional question was raised in the case of Taylor v. Knox County Board of Education, 292 Ky. 767, 167 S. W.

(2d) 700, 701, the following quotation from that opinion is pertinent here:

> "Obviously the General Assembly enacted Chapter 65 of the Acts of 1940 in the light of the well-established rule of law later recognized in the case of Wallace v. Laurel County Board of Education [287 Ky. 454, 153 S. W. (2d) 915], and for the purpose of qualifying that rule to the extent of permitting boards of education to protect by liability insurance persons injured by the negligence of drivers of school buses. The Legislature may make school boards liable for their torts or the torts of their agents and employees, and we know of no reason why it may not take a middle course and empower them to protect by liability insurance persons injured by the negligence of their bus drivers and to provide that the liability of the insurer shall be determined by the final judgment obtained by the injured person. * * *"

Certainly, if the legislature has the right to make school boards liable for their torts, it could authorize them to carry liability insurance.

The duty of a board of education to require private bus operators with whom it contracts to carry liability insurance is a specific and definite one, as revealed by KRS 160.310. This duty is ministerial in its nature. No judgment or discretion on the part of the board is involved. Such being the case, board members who fail to act as directed by the Statute can be held liable individually. See Fidelity & Deposit Co. of Maryland v. Cone, 138 Fla. 804, 190 So. 268, 123 A. L. R. 750, and the Annotation thereto. See also Mechem on Public Offices, sec. 614, p. 397, and sec. 644, p. 445; 43 Am. Jur. p. 93; Cooley on Torts, vol. 2, sec. 300; City of Newport v. Mc-Lane, 256 Ky. 803, 77 S. W. (2d) 27, 96 A. L. R. 655; American Surety Co. of New York v. Skaggs' Guardian, 247 Ky. 687, 57 S. W. (2d) 495.

The Cone case involved a situation where the surety on the bond of an individual member of a public board was held liable when a loss occurred because the board failed to comply with an express statute directing that security be obtained from a depository of public funds entrusted to the care of the board. Several cases are cited in the annotation to the Cone case where public

boards have been held liable when they failed to require a bond of a contractor as expressly directed by statute. The statutory requirement in the case at bar is analogous, to those just mentioned.

The appellees insist the duty placed on the Board under KRS 160.310 is one which they owe the public and not to any particular individual. They attempt to distinguish the Duff case and those cited therein on that ground, since in each of those cases the teacher had an individual or vested right because of her recommendation by the superintendent. An examination of the authorities cited herein will show it has been held generally that no liability may be imposed upon the individual members of a board when they fail to perform, or perform negligently, some duty owing the public. In other words, a school board is charged with the administration of a good school program. If it fails in this duty, its members can not be subjected to individual liability; but, where the members fail to perform some definite and specific ministerial act, they may be so held. Furthermore, the purpose of liability or indemnity insurance is not for any public benefit, but rather for the benefit of those individual members of the public who are injured through the negligence of those engaged in transporting pupils for the board. In the case at bar a definite interest and right became involved when the appellant's decedent sustained her injury. When no recovery could be had from Terry the way was open to proceed against the board members, since the loss was caused by their failure to perform a specific ministerial duty required by statute. While it may be conceded that the right herein involved is of a different nature and classification from the one involved in the Duff case, it is nonetheless a right and interest which may become the basis of a cause of action against the individual members of the Board. To hold otherwise would virtually defeat the mandatory provisions of KRS 160.310.

This leaves the question of the superintendent's liability. We believe him not to be liable. The first part of KRS 160.370 provides:

> "The superintendent shall be the executive agent of the board that appoints him and shall meet with the board except when his own tenure, salary, or the administration of his office is under consideration. As executive officer of the board, the superintendent

shall see that the laws relating to the schools, the bylaws, rules and regulations of the State Board of Education, and the regulations and policies of the district board of education are carried into effect. * * * He shall be the professional adviser of the board in all matters, except as provided in KRS 160.430.''

In so far as this record shows, the superintendent failed to comply with the foregoing Statute, but he did not fail to perform a ministerial duty as did the board members. Neither KRS 160.370 nor KRS 160.310 places any specific duty on the superintendent in regard to liability insurance of private carriers. It follows, therefore, that no individual liability falls on him. The ruling in the Duff case is not applicable here, because there the superintendent actually participated in some of the acts which injured the plaintiff.

Judgment reversed with direction to set it aside and for proceedings consistent with this opinion.

Whole Court sitting.

Judge Sims dissenting.

I differ so widely with my brethren on the law involved in this case that a dissenting opinion is deemed necessary.

The majority opinion, quoting from Taylor v. Knox County Board of Education, 292 Ky. 767, 167 S. W. (2d) 700, reasoned that the legislature may make boards of education liable for torts, hence it could authorize them to carry liability insurance. But the legislature has not seen fit to make such boards liable for torts, therefore had plaintiff in the instant case sued the board, the petition would have been bad on demurrer. The majority opinion holds the individuals liable as members of the board when there could be no recovery against the board itself. However, the theory might be advanced that the members individually are not liable by reason of the tort of the driver of the school bus but because they failed to comply with the statute and require the driver to carry liability insurance, or in lieu thereof failed to set aside a sufficient sum from the school fund to protect the board against his torts. But the very insurance the board members failed to require the driver to take did not protect the board against liability for his torts, as the law of this jurisdiction plainly says the board is not liable therefor.

Thus it is evident that the insurance was not for the protection of the board but under KRS 160.310 it was for the protection "of any school child *or other person*" (my italics)—which can have no other meaning than that the school fund can be diverted to the benefit of the general public and used to pay claims for which the board cannot be held liable. This is a flagrant violation of sec. 184 of our Constitution which provides inter alia:

> "The interest and dividends of said fund, together with any sum which may be produced by taxation or otherwise for purposes of common school education, shall be appropriated to the common schools, and to no other purpose."

In Wilson v. Board of Education of City of Russellville, 226 Ky. 476, 11 S. W. (2d) 143, this court held that an act of the legislature permitting boards of education to pay for street improvements in front of school property violated sec. 184 as a use of school funds for other than school purposes. If money used to build a street in front of school property is not used for school purposes, how can it be said with any degree of logic or reason that the payment of an insurance premium out of the school fund to protect the general public from the tort of the school bus driver, for which the board is not liable, is money used for school purposes.

Let it not be lost sight of that when school funds are used in payment of liability insurance premiums that the board is indirectly spending school funds in satisfaction of torts for which it is in nowise liable. All judgments satisfied by the insurance carrier are collected piecemeal from the school fund with a high rate of interest, not to mention a substantial service charge. This court was particular to say in Taylor v. Knox County Board of Education, 292 Ky. 767, 167 S. W. (2d) 700, 702, "in no event * * * can the judgment be collected out of school funds," but that very thing comes to pass when the insurance premiums are paid from such funds. It is small wonder our schools are facing a grave crisis due to lack of money to pay teachers a living wage when the school fund is depleted and diverted to pay for the protection of the general public from torts of the school bus driver for which the board is not liable. To my mind, this is not only a violation of sec. 184 of the Constitution, but is a direct gift of school money to members of the general public to whom the school board owes no duty.

The instant case is easily differentiated from Duff v. Chaney, 291 Ky. 308, 164 S. W. (2d) 483, and Cottongim v. Stewart, 283 Ky. 615, 142 S. W. (2d) 171. In each of those cases the teacher, who was not employed after having been duly recommended, had a direct interest in being elected and the defendant members of the board owed her the duty under the law of electing her, and her damage was the proximate result of defendants failing to perform their official duty. In the case at bar, the board owed plaintiff's decedent no duty, nor can it be said that their failure to comply with KRS 160.310 was the proximate cause of her damage or in any way connected therewith.