## Thacker v. Pike County Board of Education.

March 15, 1946.

J. E. Childers for appellant.

J. P. Hobson, Jr., and James W. Wine, Jr., for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Lonnie Thacker, by his petition—filed in the Pike circuit court on October 30, 1944, against appellee, Pike County Board of Education—seeks to recover from the Board the sum of $5,000 damages sustained by him as laborer in dismantling a gymnasium building, originally erected and used in connection with the public school in Elkhorn City, Kentucky, which was under the control of the defendant. The injury was produced by the giving way and falling of a scaffold by the use of which the laborers performing the dismantling could reach and become located at the point where it was then in progress. It alleged as ground for the action that the platform was constructed under the supervision of the foreman of the crew so engaged, of which plaintiff was a member, and that it was insufficiently constructed be-

cause of the negligence of the foreman. It was then alleged that the defendant, Board, knew of such defect, or could have known by the exercise of ordinary care by its foreman who also possessed such knowledge, and that plaintiff did not possess knowledge thereof nor could he have obtained it by the exercise of ordinary care. The court sustained a demurrer filed to the petition, followed by plaintiff declining to plead further and his action was dismissed to reverse which he prosecutes this appeal.

Counsel for appellee relies in support of the judgment on the well founded doctrine that a public agency performing public service is immune from liability to laborers and others in and while discharging the functions of such agency, for injuries sustained by negligence of such employees and that defendant, as the Board of Education of Pike County, is created by statute to perform services for the State in the education of pupils attending the public schools, and is therefore an agency coming within the stated and approved rule. In substantiation of that contention learned counsel for appellee cites and relies upon the cases of Trustee of School District No. 1 v. Jameson, 15 S. W. 1, 779, 12 Ky. Law Rep. 719; Clark v. Nicholasville, 87 S. W. 300, 27 Ky. Law Rep. 974; Board of Park Commissioners v. Prinz, 127 Ky. 460, 105 S. W. 948; Commonwealth ex rel. v. Burnett, 237 Ky. 473, 475, 35 S. W. 2d 857.; Middleton v. Middleton, 239 Ky. 759, 40 S. W. 2d 311; Wallace v. Laurel County Board of Education, 287 Ky. 454, 153 S. W. 2d 915, and Taylor v. Knox County Board of Education, 292 Ky. 767, 167 S. W. 2d 700, 145 A. L. R. 1333.

The opinions in those cases and others, cited in them, hold without qualification, that such public serving agencies are not required to respond in damages in actions ex delicto sustained by the negligence of their agents, servants or employees, or to others while in the discharge of their public functions, and that boards of education are embraced within that exemption rule.

In the Clark case a pupil fell from the stairway of a public school building in Nicholasville to the floor and sustained injuries for which he sought recovery against the Board. The court sustained the ruling of the trial court which held that defendant was not liable, on the ground supra, and in the course of its opinion said: "If

it could be done, the system would be injured, and the public suffer incalculable injury. If someone is injured by the faulty construction of a public school building or the maintenance of the grounds, no action can be maintained against the district for such injury." The judgment was, therefore, affirmed.

The Prinz case applied the doctrine of exemption to the Board of Park Commissioners of the city of Louisville. The Jameson case held, inter alia, that the dismantling of an unfit school building by a board of education was the performance of a governmental function.

The opinion in the Wallace case upheld the non-liability of a county board of education in such cases. The plaintiff therein was injured by the alleged negligent operation of a school bus in being transported from his home to the school. In it numerous other cases are cited adversely disposing of all questions and contentions made by counsel for appellant in this case.

The opinion in the Taylor case follows all prior cases involving the same non-liability of boards of education in such actions in performing their public functions, but we reversed the judgment appealed from denying liability and dismissing plaintiff's petition, solely upon the ground that after the accident involved in the Wallace opinion (Dec. 20, 1938) the Legislature of this Commonwealth enacted Chapter 65, Acts of 1940, permitting boards of education to contract for and obtain policies indemnifying it against such accidents, but which it was not mandatorily required to do. In that case the defendant board of education had procured such indemnity contract, which, under the terms of the contract, inured to the benefit of the victim of any such accident, to the maximum amount specified in the contract, $5000. We therefore, held in that (Taylor) case that the action should not have been dismissed, as the trial court did, since if a judgment were obtained against the board of education the plaintiff would be entitled to collect it only from the board's indemnifying company.

Gymnasiums are regarded and held to be a part of permissible school structures within the purview of our public school system. Therefore, if the board of education, in the exercise of its discretion, determines to dismantle such a building, with the intention and purpose

to erect on the same site a more modern and better equipped one, or a new one because of the dilapidated condition of the old one, it would be acting within its vested discretion, and immune from liability in such actions. Other defenses are argued in brief for appellee, such as the right of a board of education to devote its school fund to any other purpose than the operation of schools, and not to damages sustained by employees in performing necessary labor for that purpose, or to others while the board is so engaged. Other reasons are assigned none of which we deem it necessary to discuss or determine, since the foregoing cases clearly establish the fact of appellee's non-liability in this case, and that question we regard as properly presented by the demurrer of defendant to plaintiff's petition.

Wherefore, for the reasons stated, the judgment is affirmed.