Mabel **HOLLAND**, Plaintiff,

v.

**WESTERN AIRLINES**, Inc., a corporation, Defendant and Third Party Plaintiff (City of Great Falls, Montana, a municipal corporation, Third Party Defendant).

Civ. 1756.

United States District Court
D. Montana,
Great Falls Division.

Aug. 26, 1957.

Angland & Marra,' Great Falls, Mont., for plaintiff.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for Western Airlines, Inc.

Hall, Alexander & Kuenning, Great Falls, Mont., for City of Great Falls, Mont.

JAMESON, District Judge.

Plaintiff has moved the court to make the City of Great Falls a defendant, pursuant to the provisions of Rule 21 of the Federal Rules of Civil Procedure, 28 U.S. C.A., and to amend her complaint, pursuant to the provisions of Rule 15(a). The City of Great Falls resists the motion on the ground that it is immune from any suit arising out of the main-

tenance, operation, superintendence or management of its airport.

It is alleged in the original complaint that plaintiff was injured on September 27, 1954, when she slipped and fell on the floor of the Great Falls Municipal Airport, owned by the City of Great Falls and leased to the defendant Western Airlines. It is recited in the motion to allow plaintiff to amend that plaintiff desires to set up allegations to show a contract between the defendant Western Airlines and the City of Great Falls "for the benefit of third parties, including this plaintiff, and additionally thereto, the City of Great Falls, Montana, had in existence and had purchased from the Ohio Casualty Company, insurance for which a premium had been paid by the City of Great Falls, Montana, thereby taking the City of Great Falls, Montana, out of the statutory prohibition preventing this plaintiff from suing the City of Great Falls, Montana, by reason of its action in operating the Great Falls Airport as a governmental function (Section 1–822, Revised Codes of Montana, 1947) ; that it appears that the limit of liability in accordance with the terms of the policy of insurance purchased by the City of Great Falls, Montana, is not the same as that limit of liability set forth in the answer of the defendant, Western Airlines, but said policy of insurance No. XP11153 provides that the limit of liability of the City of Great Falls, Montana, is $100,-000, so as to afford this plaintiff the opportunity of being fully compensated for her injuries as set out in her original complaint    *    *    *  ".

While the proposed amended complaint submitted with the motion does not contain all of the allegations recited in the motion, it is assumed for the purpose of this opinion that the complaint would be amended in accordance with the motion, including an allegation that the City of Great Falls had obtained a policy of liability insurance covering its operation of the airport.

As recognized in plaintiff's motion, Section 1–822, R.C.M.1947, which is a part of the Municipal Airports Act (Sec-

tions 1–801 to 1–828, inc.), declares the acquisition, construction, maintenance and operation of an airport public and governmental functions, and in the case of municipalities, "municipal functions and purposes as well as public and governmental".

In its governmental or public capacity, a municipal corporation is an instrument of the state "or the local depository of certain limited and prescribed political powers, to be exercised for the public good in behalf of the state rather than for itself." Acting in such capacity, it is not liable in tort. 37 Am.Jur., "Municipal Corporations", Sec. 114, p. 727; Felton v. City of Great Falls, 118 Mont. 586, 169 P.2d 229.

Moreover, Sec. 1–502, Revised Codes of Montana, 1947, enacted in 1945, contains an express immunity with respect to the operation and maintenance of airports as follows:

"No action or suit sounding in tort shall be brought or maintained against the state or any municipality thereof, or the officers, agents, servants, or employees of the state or any municipality thereof, on account of any act done in or about the construction, maintenance, enlargement, operation, superintendence or management of any airport or other air navigation facility."

Apparently plaintiff concedes that in the absence of liability insurance or indemnity agreement a municipality is immune from suit for injuries resulting from the maintenance or operation of an airport. Plaintiff contends, however, that by reason of the fact that the City of Great Falls carried casualty insurance to protect it from liability for third party claims for personal injuries, this immunity is automatically waived to the extent of the insurance coverage. It is pointed out in plaintiff's brief that the coverage in the policy issued to the City of Great Falls exceeds plaintiff's demand. The terms of the insurance policy are not set forth and it must be assumed for the purpose of this opinion that the policy

itself did not contain any express provisions waiving the defense of sovereign immunity.

Plaintiff relies upon the case of Bailey v. City of Knoxville, decided by the United States District Court, Eastern District of Tennessee, Northern Division, 1953, 113 F.Supp. 3, 5, and affirmed by the Court of Appeals of the Sixth Circuit, 1955, 222 F.2d 520. Both decisions refer to "a long line of Tennessee cases" holding "that liability of a municipality or other governmental subdivision for injuries resulting from negligent acts may be sustained to the extent of the insurance carried by it at the time of the accident." This case clearly supports plaintiff's position if the Tennessee rule of waiver of immunity is applicable.

Does this rule obtain in Montana? Counsel have not cited any Montana cases in point, and I have been unable to find that this precise question has been considered by the Montana Supreme Court. Chapter 74 of the Laws of 1955 (Section 40–1204, R.C.M., 1947 Supp.) provides that, "All contracts or policies of casualty insurance covering state-owned properties or state risks must contain therein as a part thereof, an agreement on the part of the insurer waiving all right to raise the defense of sovereign immunity and no money shall be paid out of the state treasury to any person, firm or corporation, as a consideration or premium on any policy or contract of casualty insurance unless said policy or contract of casualty insurance contains said agreement." This act is limited to state-owned properties and was enacted subsequent to the accident involved in this action. Accordingly it is not here applicable. It does suggest, however, a recognition by the Montana Legislature that in the absence of such a policy provision a waiver of immunity does not obtain.

The rule laid down by the Tennessee courts and accordingly followed by the Federal Court in Tennessee and Sixth Circuit Court of Appeals has little, if any, support in other jurisdictions. In Hummer v. School City of Hartford City,

1953, 124 Ind.App. 30, 112 N.E.2d 891, the Appellate Court of Indiana reviewed the authorities on the question of liability of governmental agencies in tort. This opinion points out that (1) some states have enacted laws creating a primary liability on the part of governmental agencies and have authorized the purchase of insurance to protect the agency in the event of loss; (2) that other states have empowered the agency to procure liability or indemnity insurance and have provided that (a) the action shall be brought directly against the insurance carrier (see Earl W. Baker & Co. v. Lagaly, 10 Cir., 1944, 144 F.2d 344, 154 A.L.R. 1098), or (b) that the liability of the insurer shall be determined by judgment obtained by the injured person against the agency (see Taylor v. Knox County Board of Education, 1942, 292 Ky. 767, 167 S.W.2d 700, 145 A.L.R. 1333); and (3) that in one jurisdiction, i. e., Tennessee, under statutes authorizing the agency to carry liability insurance, the agency is liable provided the judgment is so limited that it would be satisfied only out of insurance. Montana, like Indiana, has no applicable statutes of the type referred to under (1) and (2) above.

In rejecting the Tennessee rule the Indiana Court said:

> "Appellant urges the adoption of the Tennessee rule on the grounds (1) that by the carrying of insurance a major reason for governmental immunity is obviated, namely, that there are no funds available out of which to pay such losses. This is the ground upon which the Tennessee court based its opinion. However, as heretofore indicated in this opinion, the reason for governmental immunity from liability for torts rests upon a much broader base than the mere absence of funds with which to pay such losses. This immunity is a fundamental and long established rule of our common law." [124 Ind.App. 30, 112 N.E. 2d 899.]

After discussing numerous cases contrary to the Tennessee rule the court held:

> "The above cases, although not controlling upon this court as to the construction to be placed upon our statute, are nevertheless persuasive that the common-law rule of governmental immunity from tort liability is not waived by a municipal corporation merely as the result of the procurement by it of liability insurance under a statute authorizing the purchase of insurance insuring the officers, appointees, agents and employees of such municipal corporation. Such is the conclusion of this court."

Other cases holding that the procuring of liability insurance does not constitute a waiver of sovereign immunity include the following: Rittmiller v. School Dist. No. 84, D.C.Minn. Second Dist.1952, 104 F.Supp. 187; Wallace v. Laurel County Board of Education, 287 Ky. 454, 153 S. W.2d 915; Kesman v. School District of Fallowfield Township, 345 Pa. 457, 29 A. 2d 17; Price v. State Highway Commission, 1946, 62 Wyo. 385, 167 P.2d 309. See also Burns v. American Cas. Co., 1954, 127 Cal.App.2d 198, 273 P.2d 605, and an annotation relating to liability or indemnity insurance carried by government or political subdivision thereof or by charitable institutions, 145 A.L.R. 1336.

It is for the legislature to prescribe whether, and under what circumstances, an individual may maintain a civil action against a municipality for an injury caused by a breach of a public duty, and the power of the legislature in this respect is exclusive and controlling. 63 C.J.S. Municipal Corporations § 751, p. 39. This rule was recognized by the Montana Supreme Court in the case of Coldwater v. State Highway Commission, 118 Mont. 65, 162 P.2d 772, 778, where the court said:

> "There is, perhaps, merit in appellant's contention that the rule of immunity of the sovereign from liability to the individual is out-moded, harsh and unjust. Nevertheless it is

firmly established under the common law and beyond the power of this court to repudiate. Should the people see fit they have the power, through the legislature, to consent that the state may be sued, and to determine under what circumstances the state and its agencies shall become answerable to the individual. If reform in this respect is desirable, it is a matter for the legislature, not for the courts."

In Jones v. Scofield Bros., D.C.Md. 1947, 73 F.Supp. 395, 398, the court, in referring to the effect of indemnifying insurance taken out by state agencies or eleemosynary institutions not otherwise liable, said:

"The generally prevailing view seems to be that its mere existence is not sufficient to create liability in tort unless the legislative enactments creating the agency or corporation considered as a whole, lead to the conclusion that it was the intention of the legislature to impose such liability on the agency or corporation."

The only statute in Montana, i. e., Sec. 40–1204, supra, was enacted subsequent to the accident involved in this action, is limited to state-owned property and provides for a specific policy provision waiving the right to raise the defense of sovereign immunity. In the absence of any applicable statute waiving immunity or any policy provision containing such waiver, I feel compelled to follow the general rule and hold that the fact that the City of Great Falls has obtained a policy of liability insurance does not in itself result in any waiver of sovereign immunity.

The City of Great Falls is a third party defendant and has moved the court for a summary judgment against the third party plaintiff, Western Airlines, Inc. By order of court the time for filing brief in support of this motion was extended until 20 days after the decision on plaintiff's motion for leave to make the City of Great Falls a party defendant. The motion for summary judgment accordingly has not been considered by the court.

The motion to make the City of Great Falls a party defendant is denied.