James B. GILBERT, Appellant,

v.

HARLAN COUNTY BOARD OF EDUCA-
TION et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1958.

Isaac Turner, Hyden, for appellant.

G. M. Castle, Harlan, for appellees.

CAMMACK, Judge.

This action was instituted on February 27, 1957, by the appellant, James B. Gilbert, who sought damages for personal injuries he sustained on February 28, 1956. The injuries were alleged to have resulted from the gross negligence of a truck driver acting within the scope of his employment by the Harlan County Board of Education. This appeal is from a final order dismissing with prejudice Gilbert's complaint and amended complaint.

The complaint named the defendants as follows:

"James Green, (the truck driver) James Cawood, Supt. Carson Coleman Board Member, Paul Graham Board Member, Caleb Creech Board Member, Dr. S. H. Rowland, Board Member, J. S. Hensley Board Member of the Harlan Educational Board."

A motion to dismiss this complaint for failure to state a claim upon which relief could be granted was filed by the defendants who, without waiving that motion, also filed a motion to require Gilbert to amend his complaint to state definitely whom he was suing, in what capacity they were being sued, and why.

On March 1, 1957, Gilbert filed an amended complaint designating the defendants as follows:

"Harlan County Board of Education Consisting of James Cawood,

Supt. and Carson Coleman, Paul Graham, Caleb Creech, Dr. S. H. Rowland, J. S. Hensley Board Members."

The defendants named in the amended complaint answered denying the allegations and raised as a defense the Statute of Limitations. The trial court dismissed the complaint for failure to state a cause of action on which Gilbert could recover and dismissed the amended complaint because it was barred by the Statute of Limitations. In his statement on appeal Gilbert has designated as the appellees the defendants named in the amended complaint.

 Gilbert's original complaint was against named individuals, but the language alleged liability because, with the exception of Superintendent Cawood and James Green (the truck driver), they were members of the Board of Education. School boards may set aside funds for school bus insurance. KRS 160.310. No liability may be imposed upon individual members of school boards when they perform negligently some official duty owing the public, but they may be held when they fail to perform some ministerial act. Failure to carry pupil transportation insurance under conditions not present here, as provided in KRS 160.310, may result in individual liability. Bronaugh v. Murray, 294 Ky. 715, 172 S.W.2d 591. In the case at hand there was no allegation of failure to carry insurance. It follows that even were the complaint sufficiently definite to state the parties being sued, in what capacity, and why, it failed to state a cause of action upon which relief could be granted against the individual members of the Board.

The amended complaint named as defendants the Harlan County Board of Education, the Superintendent, and the persons who composed the Board. The defendants in the amended complaint differed from those in the original complaint. The action against the parties named in the amended complaint was instituted more than one year following the date of the alleged injury. The Statute of Limitations was a bar to an action against the parties named in the amended complaint. KRS 413.140 (a). The Statement of Appeal lists as appellees only the defendants named in the amended complaint.

For the reasons set out herein, the judgment is affirmed.