Lena L. RATHER, Appellant,

v.

The ALLEN COUNTY WAR MEMORIAL HOSPITAL et al., Appellees.

Court of Appeals of Kentucky.

June 28, 1968.

Roy L. Steers, Franklin, for appellant.

Frank R. Goad, Scottsville, Richardson, Barrickman & Dickinson, Glasgow, James S. Secrest, Scottsville, for appellees.

CULLEN, Commissioner.

The amended complaint in this action, seeking recovery of damages from "The Allen County War Memorial Hospital" and Allen County, Kentucky, for injuries allegedly sustained by the plaintiff, while a patient in the hospital, as a result of negligence on the part of the hospital staff, was dismissed by an order which recited that the defendants' motions to dismiss were "well taken." The plaintiff has appealed.

The defendants' motions to dismiss set forth a number of grounds, including ones based on the statute of limitations and governmental immunity. The order of dismissal did not indicate (as it most desirably should have) which ground or grounds the order was based upon. However, the appellees indicate in their brief that the ground of dismissal accepted by the court was that the action was barred by limitations. In our opinion this was a valid ground.

In her *original* complaint the plaintiff had sued only "Marshall Jolly, Administrator of The Allen County Memorial Hospital" and the *individual members* of the Allen County Fiscal Court. The complaint was filed one day before the statute of limitations would have run out on her claim for personal injuries. See KRS 413.140. Several months later the plaintiff served and filed an amended complaint in which she added "The Allen County War Memorial Hospital" and Allen County as defendants, and in which she sought recovery against those defendants only. This was the complaint that was dismissed.

■ Under the statutes providing for county hospitals, KRS 216.010 to 216.050, the hospital is not a legal entity capable of being sued as such, so the attempt to make it a party was meaningless. The only legal entity against which recovery was sought, in the amended complaint, was the county. The county was not made a party until after the statute of limitations had run, so clearly the action against the county was barred by limitations unless somehow the original suing of the individual members of the fiscal court could be considered to have tolled the running of the statute as against the county. By analogy from the decision in Gilbert v. Harlan County Board of Education, Ky., 309 S.W.2d 771, there was no tolling, and we so hold.

■ The appellant argues that the defense of the statute of limitations could not

be raised by a motion to dismiss because the fact that limitations had run did not appear on the face of the complaint. We think the argument is not well taken because the amended complaint, which was not filed until September 16, 1966, alleged that the injury occurred on April 6, 1965, so the fact that limitations had run *did* appear on the face of the complaint. We are aware that this court has not been consistent in its holdings on the question of whether the defense of limitations may be raised by a motion to dismiss if the fact that limitations has run appears on the face of the complaint. See Annotation, 61 A.L.R.2d 300 @ 316. However, in our latest case we held that the defense may so be raised, Carr v. Texas Eastern Transmission Corporation, Ky., 344 S.W.2d 619, and we hereby announce our intention to adhere to that rule, which the majority of jurisdictions follow. Annotation, 61 A.L.R.2d 300.

It is our conclusion that the ground of limitation was a valid one for dismissal of the amended complaint.

We may say that we think that the action also properly could have been dismissed on the ground of governmental immunity, which still prevails as to counties. See Cullinan v. Jefferson County, Ky., 418 S.W.2d 407; Moores v. Fayette County, Ky., 418 S.W.2d 412. The fact that a county which carries liability insurance for its hospital operation may have a limited suability under KRS 67.186 is of no significance here, because there is no allegation that Allen County carried such insurance. Since KRS 67.186 creates an exception to immunity and since that exception is by legislative enactment separate and apart from Section 231 of the Kentucky Constitution (which establishes immunity) it was incumbent upon the plaintiff to plead that she came within the exception, after the county had asserted its immunity as a ground for dismissal of the complaint. See Annotation, 130 A.L.R. 440.

The judgment is affirmed.

All concur.