Welby UPCHURCH, Appellant,

v.

CLINTON COUNTY, etc., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 18, 1959.

Leonard E. Wilson, Jamestown, for appellant.

Hollis E. Edmonds, Russell Springs, John A. Sloan, Albany, for appellees.

STEWART, Judge.

Appellant, Welby Upchurch, is the owner of a farm situated in Clinton County and, among other things, he raises sheep on it. On June 23, 1957, a number of dogs of unknown ownership got into his flock, killing and injuring several of his ewes and lambs, and his damage from this loss was appraised at $1,142. He submitted a claim for this amount to the Commissioner of Agriculture for payment out of the Livestock

Fund in accordance with KRS 258.295(2), but payment thereof was denied by the Commissioner. Thereafter, he filed this action against Clinton County and the members comprising the fiscal court of that county, appellees herein, wherein he sought to recover the damages he contends he sustained to his livestock. His complaint was dismissed, and he moves for an appeal.

The complaint stated in substance that, pursuant to the terms of KRS 258.195(1), each county was mandatorily required to employ a dog warden on or before July 1, 1954, and to establish a dog pound on or before July 1, 1955, and thereafter to maintain the same, and that appellees have wilfully failed and neglected, up to the present time, to consummate their official duties in this respect. A pertinent allegation of his complaint was that KRS 258.105(1) empowers the Commissioner of Agriculture to prescribe regulations for the enforcement of the terms and conditions of KRS Chapter 258 (herein referred to as the "dog law"), and that one of the regulations promulgated by the Commissioner forbids the payment to any citizen of damages caused to livestock by dogs when the fiscal court of that citizen's county has failed to employ a dog warden and otherwise carry out the provisions of the dog law. Appellant further averred that had appellees performed their duty and complied with the dog law he would have been paid his damages above mentioned out of the Livestock Fund of the state, and that the acts of the members of the fiscal court of Clinton County in failing to put the dog law in force in that county caused him to suffer damages in the sum named heretofore. He also asked that an injunction issue requiring appellees to appoint a dog warden and maintain a dog pound in Clinton County.

On motion made by appellees, the lower court dismissed the complaint, giving as the reason that under CR 12.02 it failed to state a claim upon which relief could be granted. Like a general demurrer, filed pursuant to the provisions of the old Civil Code of Practice, such a motion ad-

mits as true the material facts of the complaint. See CR 12.02, Clay, Comment 7.

KRS 258.195(1) provides in part that the fiscal court of each county in this state *shall* on or before July 1, 1954, employ a dog warden, and *shall* on or before July 1, 1955, establish and conduct a dog pound. Under KRS 258.990(3) a violation of this subsection subjects a fiscal court member to a fine of not less than five nor more than one hundred dollars or to imprisonment from five to sixty days in jail, or he may be both fined and imprisoned.

The trial judge was of the opinion that the appointment of a dog warden by Clinton County and the setting up and maintenance of a dog pound therein were things to be done or not done according to the discretion of the members of the fiscal court of that county. Appellant insists the foregoing statutory subsection in plain unequivocal language imposed a ministerial duty upon appellees which should have been mandatorily complied with by them.

The essentials of a ministerial as contrasted with a discretionary act are thus set forth in 43 Am.Jur., Public Officers, sec. 258, p. 75: "An official duty is ministerial when it is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts; that a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in its nature. Discretionary or judicial duties are such as necessarily require the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued. Discretion in the manner of the performance of an act arises when the act may be performed in one or two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed. However, an act is not necessarily taken out of the class styled 'ministerial' because the officer performing it is vested with a discretion respecting the means or method to be employed."

Tested by the foregoing statutory provisions and the principles of law recited in the preceding paragraph, it is our view there was a distinct duty expressly imposed by KRS 258.195(1) upon the members of the fiscal court of Clinton County to hire a dog warden and to bring into existence a dog pound. The duty required to be performed under this subsection was not of a discretionary nature; it was ministerial in character. The law states that a dog warden *shall* be appointed and a dog pound *shall* be established and maintained. The word "shall" in each instance imports the absolute necessity of carrying out these legal conditions according to their tenor.

It is argued the applicable statutory provisions do not set forth the qualifications, the salary, the duties and the term of office of the dog warden, and that the working out of these problems makes the action of the fiscal court discretionary when it comes to filling such an office. These features are mere details or side issues which do not change the ministerial aspect of such an appointment. As has been shown, KRS 258.195(1) made the naming of a dog warden and the setting up of a dog pound ministerial when it placed upon the fiscal court members the imperative duty to appoint such an officer and provide for the care of impounded dogs. The necessity to do such acts is still imposed and must be carried out, although some discretion must be resorted to as regards the means to be employed in the execution of the acts.

We come now to a consideration of whether, if their inaction prevented the collection of his purported sheep claim, the members of the fiscal court of Clinton County may be held liable in damages to appellant for their refusal to obey the statutory provisions under discussion. It will be recalled the complaint alleged that appellant's loss was the result of their failure to perform a specific duty required by law.

■ The rule seems to be well-established that a public officer who knowingly or negligently fails or refuses to execute a ministerial act, which the law positively charges him to carry out, may be compelled to answer in damages to any person to whom the performance was owing to the extent of the injury proximately caused by the nonperformance. See Mechem, Public Officers, sec. 644, p. 445; and 43 Am.Jur., Public Officers, sec. 280, p. 93.

In a number of instances in this jurisdiction public officers have been held personally liable for resulting damages where they failed or neglected to perform a duty expressly imposed upon a body of which they were members, or where they violated the positive provisions of a law forbidding their action, or where they otherwise occasioned an injury by disobeying the law, although they acted in concert as a body.

In Bronaugh v. Murray, 294 Ky. 715, 172 S.W.2d 591, 593, the members of the Todd County Board of Education were held individually accountable for their failure to compel a private school bus operator to carry liability insurance coverage, as provided by KRS 160.310. Judgment was recovered against the school bus driver for damages growing out of the fatal injury of a person who was a passenger in a car with which the school bus collided when the latter was making a regular run. After an execution was issued on the judgment against the school bus operator and returned "No property found", an action was instituted against the school board members wherein it was sought to hold them personally liable for the judgment debt. This Court allowed a recovery thereof against the school board members, saying: "The duty of a board of education to require private bus operators with whom it contracts to carry liability insurance is a specific and definite one, as revealed by KRS 160.310. This duty is ministerial in its nature. No judgment or discretion on the part of the board is involved. Such being the case, board

members who fail to act as directed by the Statute can be held liable individually."

In Cottongim v. Stewart, 283 Ky. 615, 142 S.W.2d 171, the county superintendent of the Laurel County Board of Education nominated certain teachers for employment for the school year 1938–39, as was his prerogative under the law. The members of the board of education illegally rejected the teachers nominated by the superintendent, and on their own initiative named substitute teachers. We held in that case the rejected teachers were entitled to recover jointly from the school board members and from the substitute teachers for money had and received by the substitute teachers on their unlawful contracts.

It was pointed out in the Cottongim case that, since a public officer must justify his action, when it is questioned, by showing that he was authorized by law so to act, and that if he commits an act which his authority will not justify, or if he exceeds, ignores, or disregards the limits set to his authority, he cannot then justify his act at all, but must respond to the party injured like any other wrongdoer.

The contention is made that if a wrong has been done by any disobedience upon the part of the fiscal court members where the dog law is concerned, the injury is to the public and the members of the fiscal court are subject only to fine or imprisonment, or both, as set forth in KRS 258.990 (3). This assertion is rebutted by KRS 446.070, which reads: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

■ In the case at bar there was a clear legal duty on the part of the fiscal court of Clinton County to appoint a dog warden and establish and maintain a dog pound. It is believed the purpose of these statutory provisions is to make relief

available to individual members of the public who will suffer livestock losses, from time to time, rather than merely to afford protection to the public generally. Surely, after the denial of his claim by the Commissioner of Agriculture, it could be said that appellant had no remedy other than recourse against the members of the fiscal court of Clinton County. It should be added, however, that a recovery on his claim may not be had against Clinton County, which is an arm of the state and cannot be held liable for the negligent acts or misconduct of its officers. See Clay County Board of Education v. Lewis, 187 Ky. 231, 218 S.W. 716, 717, and the cases cited therein on this point.

■ We therefore conclude the complaint stated a cause of action upon which the relief sought by appellant could be granted. In Ingram v. Ingram, Ky., 283 S.W.2d 210, 212, this statement appears which is applicable to the instant case: "A complaint should not be dismissed for failure to state a claim unless it appears to a certainty that the claimant is entitled to no relief under any state of facts which could be proved in support of the claim." The action should be tried by the lower court on its merits and the proof will then determine whether the allegations of the complaint can be sustained. It is our opinion the lower court erred in dismissing the complaint.

Wherefore, the motion for an appeal is sustained; and the judgment is affirmed to the extent that Clinton County is absolved from liability for damages, but is reversed in all other respects, and the case is remanded for further proceedings not inconsistent with this opinion.