STEWART, Judge.
This action sought in the Clinton Circuit Court to compel defendant, Clinton County Fiscal Court, to appropriate out of county funds the sum of $1,500 for the use and benefit of plaintiff, Clinton County Farm Bureau, for the fiscal year 1958-1959. We shall hereinafter refer to the parties as “the fiscal court” and “the farm bureau.”
The lower court dismissed the complaint on the ground, as recited in the judgment, that the entire anticipated revenues of the fiscal court had been appropriated for the fiscal year in question for the payment of “essential government expenses,” which did not embrace the sum demanded by the farm bureau, and that the fiscal court, having no further revenues from which this sum could be “legally” paid, was not obligated to appropriate the money requested.
Unfortunately, the trial judge did not implement his judgment by furnishing us a finding of facts which would serve to pinpoint the reasons on which the conclusion contained in the judgment is based. Nor is it clear whether he is employing in the judgment the term “essential governmental expenses” in its strict legal sense.
The farm bureau has moved for an appeal, contending the fiscal court in making up its budget for the fiscal year 1958-1959 disregarded the mandatory language of subsections (1) and (2) (e) of KRS 247.300 when it declined to make available the money involved in this litigation.
The foregoing statutory provisions state, in substance, that when the secretary and treasurer of a duly organized county farm bureau certify to the fiscal court of the county that the bureau has not less than 100 members who own or operate farms in the county and has a fund of not less than $500 in the possession of its treasurer, “the fiscal court * * * shall * * * appropriate”, out of the general fund of the county, a sum equal to twice the amount of the fund in the hands of the bureau’s treasurer.
However, the total amount appropriated to a farm bureau shall not in any year ex *932 ceed $1,500 in any county having an assessed property valuation of not more than $5,000,000. Clinton County falls within the classification that limits the amount to be received by the farm bureau to $1,500.
The record discloses this action was submitted to the lower court for determination upon a stipulation of facts. This stipula-tory agreement admits the farm bureau had properly qualified to receive $1,500 in accordance with the foregoing statutory provisions.
We are of the opinion that the word “shall” as it appears in the context of the above-mentioned statutory subsections indicates the absolute necessity of making the appropriation asked for by the farm bureau when considered in connection with the facts of this case. See Upchurch v. Clinton County, Ky., 330 S.W.2d 428.
A copy of the budget prepared by the fiscal court for the fiscal year involved is before us on this appeal; and, without attempting to point out which items in the budget covering money to be spent are of a permissive but lawful character and which are of a compulsory nature, it is obvious that many of the appropriations appearing therein are for contemplated expenditures that do not fall within the category of “essential governmental expenses.” The meaning we believe the lower court intended by the word “essential,” as used in the quoted expression taken from the judgment, is that it connotes an expenditure indispensably necessary or one absolutely required by a statutory provision.
A fiscal court is under a strict duty to see that, first of all, those obligations that are essential, as this word is employed by the lower court, are adequately provided for. It is only after such matters are taken care of that expenditures of a type that are legally allowable but not compulsory or indispensable may in the court’s discretion be included in the budget. No fiscal court may emasculate a positive requirement of law to appropriate for a specific purpose by making such encumbrances of a non-compulsory but permissive variety as to exclude or squeeze out an expenditure it is under an obligation to meet. It is clear the fiscal court in the case at bar undertook in its budget to burden its anticipated revenues with quite a number of expenditures which the law did not lay a duty on it to assume, with the result that the appropriation sought by the farm bureau was wrongfully denied.
It is our view the official act to be performed in making the appropriation for the farm bureau was ministerial in its import. The court seemed to act upon the premise that the appropriation could be made or not made in its discretion. ■ We quote this language from 43 Am.Jur., Public Officers, sec. 258, p. 75, which lays down .this principle of, law when the official act to be performed is of a ministerial character : “An official duty is ministerial when it is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts; that a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in its nature. * *
Thus a distinct obligation was placed upon the fiscal court by law to make the appropriation sued on to the farm bureau.
It may be conceded that the fiscal court, in order to carry out a directive of the law by including the farm bureau item in its budget, may be compelled to curtail or even discontinue certain activities of a useful kind that are legally permissive but not mandatorily required. However, it appears the Legislature has recognized the importance of the work done by and through the farm bureau and has chosen to prefer its claim for financial support over certain other types of services. Accordingly the fiscal court must adjust its course of action to the demands of the law.
It is our considered opinion that the far-reaching value of a farm bureau’s en *933 deavors and its contribution to the general welfare of a county have been so generally demonstrated that it is rare indeed for a fiscal court of a Kentucky county to refuse its assistance to such a worthy cause. The record in this case discloses that a great majority of the progressive farm owners and operators in Clinton County want the help of a farm bureau; it is therefore regrettable that the fiscal court has failed to get in step with its farm people and give them the wholehearted assistance they deserve in connection with their agricultural needs.
Wherefore, the motion for an appeal is sustained and the judgment is reversed and a new one will be entered directing the fiscal court to pay $1,500 to the farm bureau for the fiscal year 1958-1959.