**C. Allen MUNCY, County Judge Executive of Leslie County, Kentucky, Appellant,**

v.

**Vera KEEN, Sheriff of Leslie County, Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 24, 1981.

Rehearing Denied June 5, 1981.

Discretionary Review Denied Sept. 15, 1981.

Robert Scott Madden, Maricle & Madden, Manchester, for appellant.

John M. Lyttle and John T. Aubrey, Manchester, for appellee.

Before HOWARD, REYNOLDS and WILHOIT, JJ.

HOWARD, Judge.

This appeal from the Leslie Circuit Court presents a question of first impression in statutory construction. The case arose from a conflict between appellee, the Leslie County Sheriff, and appellant, the Leslie County Judge Executive, over whether appellant had the right to determine the amount of performance bond appellee must post under K.R.S. 70.020. Appellee contends that appellant has only a ministerial duty to approve the bond posted and no discretion to reject the bond presented.

Both appellant and appellee assumed their offices on the first Monday of January in 1978. Appellee filed the two revenue bonds required by her office but did not post the general performance specified under K.R.S. 70.020. On September 7, 1979,

appellant issued an order which reads as follows:

Pursuant to KRS 70.020(1) and finding that Vera Keen, Sheriff of Leslie County has not filled and is not under a General Bond it is Ordered that Vera Keen, Sheriff of Leslie County fill a General Bond of $300,000.00 for the faithful performance of the duties of her office, as required by law. It is further Ordered that the Sheriff nor any Deputy take any act or duty of the office of sheriff except to collect taxes until the said bond is filled before the County Court Clerk under the supervision of the County Judge Executive and the bond is approved and duly entered on the official bond book of Leslie County.

Appellee was served with a copy of this order and objected to the method of service and the amount of bond required. On September 11, 1979, appellee executed her Official Performance Bond in the amount of $50,000.00 and delivered said bond to the County Court Clerk, Earl Fields. Appellant refused to approve the bond as executed.

Earl Fields testified that in the previous eighteen years all of the sheriff's performance bonds had been in the amount of $10,-000.00 except one for $25,000.00. Appellant testified that his reasons for setting such a large bond were: 1) that the revenue bonds posted were inadequate to secure the aggregate tax receipts of the County; 2) that a recent United States District Court opinion held that the Leslie County Sheriff's Department was not protected by the doctrine of Sovereign Immunity in a case against that department for damages for violation of civil rights (*See, Asher v. Kentucky State Police et al.*, No. 76–442, E.D.Ky., Memorandum Opinion issued March 21, 1978), and; 3) that the County Judge Executive of Knott County told him of a judgment against the Knott Fiscal Court in a suit for damages for the death of a part-time or honorary deputy. Appellant further testified that he believed his responsibility as chief executive officer of the county was to "be the watch dog over and guardian of the revenues and treasury of Leslie County" and that a large bond was necessary to protect the county funds. Appellant also testified that "we were receiving complaints about possible abuse of prisoners" in regard to one of the sheriff's deputies. Appellee presented no evidence to dispute appellant's reasoning.

Appellee brought an action in the nature of mandamus, seeking to require appellant to approve her bond. The trial court found that appellant was duty bound to approve the bond as executed, holding that the act of approval required by K.R.S. 70.020 was ministerial in nature, and that in failing to so approve the bond, he acted arbitrarily and capriciously.

K.R.S. 70.020 provides in part as follows: The sheriff shall execute a bond for the faithful performance of the duties of his office. This bond shall be in addition to the bond required of him by KRS 234.230 and shall be approved by the county judge/executive. It shall be taken by the county clerk under the supervision of the county judge/executive and witnessed by the clerk or his deputy. The fact that the bond was taken, together with the names of the sureties, shall be entered on the order book, and the bond shall be recorded in a book kept for that purpose. The county judge/executive shall require the sheriff to renew this bond annually and oftener if it deems proper.

K.R.S. 62.060 provides in part as follows: [T]he bond required by law to be executed and given by any public official . . . for the discharge or performance of any public or fiducial office, trust or employment, shall be a covenant to the Commonwealth of Kentucky from the principal and surety or sureties that the principal will faithfully discharge his duties, and there shall be no other obligation in the bond. The bond shall be limited in a definite penal sum, which shall be determined and fixed by the officer or officers whose duty it is to approve the bond. . . . The officer or officers taking any bond mentioned in this section may, at any time when it appears to be to the interest of the obligee, increase the penal sum of the bond or require a renewal thereof with other or additional sureties.

Appellee focuses on the word "shall" in K.R.S. 70.020 and cites *Upchurch v. Clinton County*, Ky., 330 S.W.2d 428 (1959), and *Clinton County Farm Bureau v. Clinton County Fiscal Court*, Ky., 339 S.W.2d 930 (1960). In both of those cases a statute stated that the fiscal court "shall" perform a specified act. The Court in each case held that the word "shall" indicated that the act involved was a ministerial duty and that the fiscal court was allowed no discretion in performance of the act.

In response to appellant's fears about the liability of the fiscal court for the acts and omissions of the sheriff, deputies or the office of the sheriff, appellee points to Kentucky General Opinion 80–1, wherein it was stated:

The county is not liable for any negligent acts of the sheriff and deputy sheriffs, since, as a political sub-division of the Commonwealth, the county government is clothed with sovereign immunity.

. . . .

K.R.S. 70.040, in effect provides that the sheriff has no personal liability for the acts or omissions of his deputies. It says that the "office of the sheriff," not the individual holder of the office, shall be so liable. In practical terms this means that any damage claims against the "office of the sheriff" would have to come out of excess fees, if there are excess fees, of the sheriff's office.

It should be noted here that the Attorney General expresses reservations as to the constitutionality of K.R.S. 70.040.

Appellant relies on K.R.S. 62.060, two Kentucky General's opinions, and *Renshaw v. Cook*, 129 Ky. 347, 111 S.W. 377 (1908). OAG 73–854 said that:

As to the form of the performance bond generally, see 62.060. The latter statute provides that the performance bond penal sum shall be determined and fixed by the officer or officers whose duty it is to approve the bond.

OAG 61–499 discusses the *Renshaw* case stating that:

In the case of *Renshaw vs. Cook*, . . . the Court of Appeals held that the county

court under Section 4557 of the Kentucky Statutes, now compiled as KRS 70.020 and 70.990(1), could either suspend a sheriff until he executes his statutory bonds or enter an order vacating his office.

▬ It is our opinion and we so hold that appellant acted within his statutory authority in setting the performance bond at $300,000.00 and in issuing an order limiting the power of appellee to act within her official capacity until the bond was met. We rely specifically on the statutory language of K.R.S. 62.060 wherein it is stated that the amount of the bond "shall be determined and fixed by the officer . . . whose duty it is to approve the bond." That statute permits appellant, who, under K.R.S. 70.020, must approve appellee's bond, to increase the amount of bond "at any time when it appears to be to the interest of the obligee." Appellee advances no substantive argument as to why this increased amount is not to her interest, while appellant gives several reasons for the increase that are unrebutted.

The same arguments that appellee sets forth for the proposition that appellant has no discretion in the matter of approval of her performance bond, when applied to K.R.S. 62.060, make it mandatory for appellant to set the amount of bond forthcoming.

For the reasons set forth in this opinion the judgment of the trial court is reversed and this case is remanded. The trial court is hereby ordered to enter a new judgment directing appellee to post bond in accordance with the September 7, 1979 order of the appellant.

All concur.