RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1857-MR

JASPER POLLINI                                                                 APPELLANT

v.                        APPEAL FROM FRANKLIN CIRCUIT COURT
                          HONORABLE THOMAS D. WINGATE, JUDGE
                          ACTION NO. 16-CI-00005

COMMISSIONER LADONNA
THOMPSON AND WARDEN DON
BOTTOM                                                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: TAYLOR, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Jasper Pollini ("Appellant") appeals from an order of

the Franklin Circuit Court granting a renewed motion to dismiss filed by

Commissioner LaDonna Thompson and Warden Don Bottom ("Appellees").

Appellant, *pro se*, argues that the circuit court erred in dismissing his action

stemming from a prison disciplinary hearing. We find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In *Pollini v. Thompson*, No. 2016-CA-000668-MR, 2019 WL 1422708 (Ky. App. Mar. 29, 2019), a panel of this Court stated the facts of this case as follows:

> Pollini is a Kentucky state inmate. During the relevant time, he was housed at Northpoint Training Center ("Northpoint"). On November 19, 2014, Pollini was written up for an incident that occurred on November 10, 2014. Pollini allegedly fought and struggled with Officer Phillips when the officer attempted to confiscate a cellphone Pollini concealed in his pants. Three other officers came to Officer Phillips's aid. One officer retrieved the cellphone after Pollini threw it, and the other two officers helped Officer Phillips put Pollini in handcuffs. After escorting Pollini to the Special Management Unit, Officer Phillips's legs began to go numb, he experienced severe pain in his lower back, and he vomited due to the pain. Officer Phillips was then taken to the hospital.
>
> Based on the information presented at the hearing, the adjustment officer found Pollini guilty of physical action resulting in death or injury of an employee and sentenced him to one hundred eighty (180) days in disciplinary segregation, a loss of three hundred thirty (330) days non-restorable good-time credit, and restitution in the amount of one thousand dollars ($1000.00). Pollini filed a warden's appeal. The warden denied Pollini's appeal.
>
> Pollini then filed a complaint for declaratory and injunctive relief with the Franklin Circuit Court, arguing

-2-

his due process rights were violated during the adjustment committee proceeding. Kentucky Department of Corrections Commissioner LaDonna Thompson and Warden Don Bottoms filed a motion to dismiss, arguing Pollini's complaint fails to state a claim upon which relief can be granted because the adjustment officer's decision is supported by "some evidence," and Pollini failed to preserve some issues for review. Pollini filed a response to the motion to dismiss, arguing he exhausted his administrative remedies as to each claim and reiterated that his due process rights were violated. The circuit court granted the motion to dismiss.

On appeal from the dismissal, the first panel of this Court in 2019 determined that a remand was warranted because nothing in the record indicated that either the Adjustment Officer or the circuit court had viewed the video to determine whether it supported the Adjustment Officer's finding or constituted exculpatory evidence in favor of Appellant. The panel remanded the matter to the Franklin Circuit Court with instructions to obtain and review the video to determine if it constituted evidence either in support of the Adjustment Officer's finding of guilt or in favor of Appellant.

On remand, the Franklin Circuit Court viewed the video at issue. It determined that "the video clearly supports the finding of the Adjustment Officer." Specifically, the court found that the video shows Appellant attempting to run from and then resisting Officer Phillips, Appellant kicking and struggling with Officer Phillips after each of them fell to the ground, and the arrival of additional officers who restrained Appellant. Based on its viewing of the video, the Franklin Circuit

Court determined that "some evidence" exists to support the finding of the Adjustment Officer, and that the dismissal of Appellant's action was therefore warranted. This appeal followed.

## STANDARD OF REVIEW

As noted in *Pollini*, *supra*, a "motion to dismiss for failure to state a claim upon which relief may be granted 'admits as true the material facts of the complaint.'" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (quoting *Upchurch v. Clinton County*, 330 S.W.2d 428, 429-30 (Ky. 1959)). Accordingly, "a court should not grant such a motion 'unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]'" *Id.* (quoting *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, . . . an appellate court reviews the issue de novo." *Id.* (citation omitted).

As to the disciplinary proceeding, the decision of a prison disciplinary committee is supported if any evidence is found in the record to support its conclusion. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). If "some evidence" exists to support the decision of the prison disciplinary board, it may not be disturbed on appeal. *Id.*

## ARGUMENTS AND ANALYSIS

Appellant, *pro se*, argues that the Franklin Circuit Court committed reversible error in granting Appellees' renewed motion to dismiss his complaint for declaratory and injunctive relief. The focus of his argument is that the video of the incident does not constitute "some evidence" required to sustain an administrative finding of guilt on the offense of physical action resulting in the death or injury of an employee. Appellant also asserts that the circuit court improperly failed to make a finding that the required elements of "physical action" and "injury" were present, and that the absence of these elements is fatal to the Adjustment Officer's finding that Appellant committed the offense.

Evidence is found in the record that "physical action" occurred during the incident at issue. Proof was presented that Appellant attempted to flee from Officer Phillips; that a struggle ensued; that both persons fell to the floor during the struggle; and that Appellant kicked Officer Phillips. Further, evidence was presented that Officer Phillips suffered an "injury" in the incident, as he experienced numbness in his legs and back pain so severe that he vomited and was transported to a hospital. The video supports the officers' version of the event. There is no basis for concluding that the findings of "physical action" and "injury" must be memorialized by the Adjustment Officer in a particular manner or format.

Rather, there must merely be "some evidence" in the record to support the decision. The record contains such evidence.

## **<u>CONCLUSION</u>**

For these reasons, we affirm the order of the Franklin Circuit Court granting Appellees' renewed motion to dismiss Appellant's complaint.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jasper Pollini, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEES:

Angela T. Dunham
Frankfort, Kentucky