RENDERED: AUGUST 4, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0844-MR

TYLER POPPLEWELL AND
KIMBERLY KELSEY,
ADMINISTRATRIX FOR THE
ESTATE OF IMOGENE
POPPLEWELL                                                      APPELLANTS


APPEAL FROM RUSSELL CIRCUIT COURT
v.          HONORABLE VERNON MINIARD, JR., JUDGE
ACTION NO. 20-CI-00150


CONNIE CORNER, INDIVIDUALLY
AND AS EXECUTRIX OF THE
ESTATE OF THOMAS DUNBAR,
A/K/A "SAM" DUNBAR                                               APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND KAREM, JUDGES.

KAREM, JUDGE: Appellants appeal from the Russell Circuit Court's order

dismissing Tyler Popplewell's complaint with prejudice. Tyler's complaint

requested that the court declare his great-uncle's will null and void and sought damages for fraud.  Because we find that Appellee waived her lack of standing defense, we reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Thomas Dunbar died in Russell County, Kentucky, on November 29, 2019.  Thereafter, the Russell District Court ordered that Dunbar's purported Last Will and Testament, dated June 25, 2018 (the "Will"), be probated.  Under the Will, Dunbar's entire estate passed to Connie Corner, Dunbar's non-relative caregiver.

At his death, Dunbar had one sister, Imogene Popplewell who, during the pendency of this appeal, passed on April 26, 2023.[1]  Tyler Popplewell – Imogene's grandson and Dunbar's great-nephew – initiated this action on April 16, 2020, in Russell Circuit Court by filing a complaint claiming that Corner had procured the Will through fraud and undue influence and that Dunbar had lacked the requisite mental capacity to execute the Will.  Tyler requested that the circuit court declare the Will null and void in addition to requesting damages for fraud.  Corner filed an answer in response to Tyler's complaint in which the only defense listed is that the complaint failed to state a claim upon which relief may be granted.

---

[1] Following the death of Appellant Imogene Popplewell, this Court granted the motion to substitute Kimberly Kelsey, Administratrix for the Estate of Imogene Popplewell.

Approximately two years later, on February 14, 2022, Corner moved to dismiss the action based on the claim that Tyler, as Dunbar's great-nephew, lacked standing were he to prevail at trial. Specifically, Corner claimed that Tyler did not stand in the line of inheritance under Kentucky's laws of descent and distribution. *See* Kentucky Revised Statutes ("KRS") 391.010 and KRS 391.030.

On February 18, 2022, Tyler filed an Irrevocable Assignment (the "Assignment") with the circuit court dated February 17, 2022. In the Assignment, Imogene "assign[ed] any and all interest" that she "may have" in her brother's estate, as his surviving sister, to Tyler.

On February 21, 2022, Corner re-filed her motion to dismiss with a hearing set for February 23, 2022. Corner filed a third motion to dismiss on the same grounds of lack of standing on March 3, 2022. The circuit court heard the matter on April 12, 2022, although Tyler's counsel claimed that he had not received notice of the hearing on the motion to dismiss and thus was not at the hearing. The circuit court entered a final order of dismissal with prejudice that same day.

Tyler subsequently filed a motion to set aside the judgment based on his alleged lack of notice of the April 12, 2022, hearing. Additionally, Corner filed a motion to amend the dismissal order requesting specific findings of fact.

On May 10, 2022, Tyler filed an Assignment of Claim of his interest in the subject litigation to his grandmother Imogene Popplewell. Imogene then filed a motion to intervene to substitute the movant as Plaintiff in this action to Tyler. Additionally, Imogene moved to amend the complaint.

On June 15, 2022, the court sustained Corner's motion to dismiss and included an amended order with findings of fact and conclusions of law. Specifically, the amended order dismissed the action based on Tyler's lack of standing under Kentucky's intestacy laws. Additionally, the order denied Imogene's right to intervene based on her non-compliance with the two-year statute of limitations under KRS 394.240. The circuit court denied Tyler's motion to set aside the dismissal order based on his claim that he had failed to receive notice of Corner's initial motion to dismiss based on the presumption of receipt under the "mailbox rule." This appeal followed.

## ANALYSIS

### a. Standard of Review

"A motion to dismiss for failure to state a claim upon which relief may be granted 'admits as true the material facts of the complaint.'" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (quoting *Upchurch v. Clinton County*, 330 S.W.2d 428, 429-30 (Ky. 1959)). Thus, "a court should not grant such a motion 'unless it appears the pleading party would not be entitled to relief under any set of

facts which could be proved[.]'" *Id.* (quoting *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, . . . an appellate court reviews the issue de novo." *Id.* (citation omitted).

When the circuit court relies on matters outside the pleadings, the claim is converted into a motion for summary judgment. *D.F. Bailey, Inc. v. GRW Engineers, Inc.*, 350 S.W.3d 818, 820-21 (Ky. App. 2011) (citing *McCray v. City of Lake Louisvilla*, 332 S.W.2d 837, 840 (Ky. 1960); Kentucky Rules of Civil Procedure ("CR") 12.02). "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Coomer v. CSX Transp. Inc.*, 319 S.W.3d 366, 370 (Ky. 2010). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue de novo." *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

## b.  Discussion

On appeal, Tyler argues that the circuit court erred in ruling that he did not have standing to bring the claims asserted in his complaint and points out that Corner's answer to his complaint contained no affirmative defenses.  Instead, almost two years after the initiation of litigation, Corner raised the lack of standing defense for the first time in a motion to dismiss for failure to state a claim under CR 12.02.

The Kentucky Supreme Court has held that "lack of standing is a defense which must be timely raised or else will be deemed waived."  *Harrison v. Leach*, 323 S.W.3d 702, 708 (Ky. 2010).  "Since a lack of standing does not deprive a trial court of subject-matter jurisdiction, a party's failure to raise timely his or her opponent's lack of standing may be construed as a waiver."  *Id*. at 709.  As further explained by this Commonwealth's highest Court, "[t]his use-it-or-lose-it approach to standing is logical because . . . the purpose of . . . defenses, such as lack of standing, is to afford the defendants the means of obtaining at the outset of litigation summary disposition of issues of law or easily proved issues of fact."  *Id*. at 708 (internal quotation marks and citations omitted).

Here, it is undisputed that the lack of standing defense was available to Corner after Tyler filed his complaint, and Corner should have raised such defense in her answer.  Indeed, Corner was aware from the outset of the litigation

of the relationship between Dunbar, Tyler, and Imogene but failed to raise her argument regarding Tyler's standing in a timely manner. While it is true that Corner generally raised the defense of dismissal for failure to state a claim in her original answer, it is evident that Corner failed to set forth any defenses as to lack of standing in the answer. Rather, Corner only raised the defense of lack of standing in a motion to dismiss almost two years after she filed her answer. Therefore, Corner waived the defense by not raising it in her first response to the complaint. We, thus, hold that the circuit court committed reversible error by determining that Tyler lacked standing to challenge the Will. Our disposition of this case renders Appellants' other arguments moot.

Consequently, we reverse the circuit court's order of dismissal based on Tyler's lack of standing and remand for proceedings consistent with this Opinion. This Opinion takes no position on any claims asserted by Tyler regarding the Will.

GOODWINE, JUDGE, CONCURS.

DIXON, JUDGE, CONCURS IN RESULT ONLY.

-7-

BRIEFS FOR APPELLANTS:

Joel R. Smith
Jamestown, Kentucky

BRIEF FOR APPELLEE:

Theodore H. Lavit
Cameron C. Griffith
Lebanon, Kentucky