RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1004-MR

JANA WELCH                                         APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 20-CI-003675

CITY OF ROLLING HILLS; BRENT
MONROE, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS
SAFETY COMMISSIONER OF THE
CITY OF ROLLING HILLS; CHRIS
WILMES, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS
PUBLIC WORKS COMMISSIONER
OF THE CITY OF ROLLING HILLS;
AND ELISSA GUSTAFSSON,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS MAYOR
OF THE CITY OF ROLLING HILLS                      APPELLEES

OPINION
<u>VACATING AND REMANDING</u>

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE:  Jana Welch appeals from an order of the Jefferson Circuit Court granting summary judgment to the various defendants in this personal injury litigation.  After careful review, we vacate and remand for proceedings consistent with this Opinion.

## I. BACKGROUND

On August 31, 2019, Welch tripped and injured herself while walking on a sidewalk in the City of Rolling Hills, Kentucky.  Welch filed the underlying lawsuit alleging negligence by:  (1) the City of Rolling Hills; (2) the mayor, Elissa Gustafsson, in her individual and official capacities; (3) the public works commissioner, Chris Wilmes, in his individual and official capacities; and (4) the safety commissioner, Brent Monroe, in his individual and official capacities (collectively "the City") for failure to maintain and repair the sidewalks.  According to the underlying complaint, the City of Rolling Hills is "an Incorporated Municipality within the larger metropolitan city limits of Louisville[.]"

Discovery revealed that, at the time of Welch's fall, the City was aware of multiple sidewalk problems due to reports of residents and was in contact with at least one third-party concrete company to make the necessary repairs.  Discovery also revealed that no one from the City denied it was responsible for maintaining and repairing the sidewalks.  The City filed a motion for summary

judgment, citing qualified immunity. A notice of submission was filed on June 30, 2022, after the parties had briefed the circuit court. However, on July 21, 2022, the City filed its supplemental responses to Welch's requests for admissions. Therein, the City denied, for the first time, that it was *the* legal entity responsible for repair and maintenance of the sidewalks, and instead argued it was *a* legal entity responsible for repair and maintenance of the sidewalks because "the owners of property abutting sidewalks in the City may be required to repair that part of the sidewalk adjoining their property, at their own expense." The City cited, for the first time, § 150.02 of the City of Rolling Hills' Codified Ordinances in support of its reasoning. The ordinance will be discussed in greater detail below.

The circuit court granted summary judgment in favor of the City on July 28, 2022, reasoning that its actions were discretionary; therefore, the City had qualified immunity. This appeal followed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure (CR) 56.03. The movants bear the initial burden of demonstrating that there is no genuine issue of material fact in dispute. The party

-3-

opposing the motion then has the burden to present, "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). When a circuit court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved. *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). We must consider the evidence of record in the light most favorable to the non-movant (*i.e.*, Welch) and determine whether the circuit court correctly found there was no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 780 (Ky. App. 1996).

### III. ANALYSIS

The City of Rolling Hills' Codified Ordinance § 150.02 states, in relevant part,

> A) The owners of property abutting sidewalks in the city are required to repair that part of the sidewalk adjoining property respectively belonging to them, at their own expense, by repairing any holes, uneven surfaces, and other defective places therein, by using materials as nearly similar as possible to that of which the sidewalk is constructed, within ten days after receiving notice, in writing, from the city to do so.

> B) It shall be the duty of the city, as soon as it ascertains the existence of defects in the sidewalks of the city, to forthwith notify, in writing, the owners of the property abutting that part of the sidewalk which is found to be defective, to repair at their own expense, within a

period of ten days, after the delivery of the notice. In the event the owner fails to make such repairs, the city is authorized to have the necessary repairs made, and to assess the cost of repair to the abutting owner, and notify him or her of the assessment in writing. In the event the owner fails to remit the costs as assessed within 30 days of the notice as given above, the city shall take the necessary steps to place a lien against the abutting property owner in the office of the County Clerk in the amount of the unpaid assessment.

One of the arguments Welch makes on appeal is that, due to the late supplemental response of the City, she was unable to conduct discovery on or brief the circuit court regarding the local ordinance before the court granted the City's motion for summary judgment.[1] We agree. Although the ordinance *was* in the record when the circuit court entered its order, the order states, in relevant part, that "[t]here is no evidence in this case of any ordinance, directive or guideline for the officials in the City of Rolling Hills to follow that would control [the City's] actions with respect to their duty to repair sidewalks in the City of Rolling Hills." This language indicates the circuit court did not consider the ordinance, which was filed in the City's supplemental discovery responses just days before the court entered its order.

This Court has held that "[a] court may properly take judicial notice of public records and government documents, including public records and

---

[1] Because we are vacating and remanding, we decline to address Welch's other arguments on appeal.

-5-

government documents available from reliable sources on the internet." *Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004) (footnote omitted). In other words, the circuit court could have taken judicial notice of the ordinance, but it had no reason to seek it out *sua sponte*. This is because the City argued such an ordinance did not exist. In the memorandum in support of its motion for summary judgment, the City pointed to the deposition of Welch who, they argued, did not "dispute the absence of any local ordinances that make the City responsible for assuming sidewalk repairs." Yet, three months later, after the parties completed briefing, the City produced the applicable ordinance.

This case turns on whether the City has failed to perform a ministerial act as related to the sidewalks.[2] The difference between discretionary and ministerial acts was summarized by the Kentucky Supreme Court thusly:

> At its most basic, a ministerial act is "one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." [*Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)]. "That a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in nature." *Id.* (quoting *Upchurch v. Clinton County*, 330 S.W.2d 428, 430 (Ky. 1959)). And an act is not necessarily outside the

---

[2] We pause here to note that cities of the Commonwealth are not afforded the traditional sovereign immunity from claims enjoyed by the state and county governments. Cities of the Commonwealth are governed by the Claims Against Local Governments Act (CALGA), codified in Kentucky Revised Statutes (KRS) 65.2001 *et seq. See Schwindel v. Meade County*, 113 S.W.3d 159 (Ky. 2003).

ministerial realm "just because the officer performing it has some discretion with respect to the means or method to be employed." *Id*; *see also* 63C Am.Jur.2d *Public Officers and Employees* § 319 (updated through Feb. 2014) ("Even a ministerial act requires some discretion in its performance."). In reality, a ministerial act or function is one that the government employee must do "without regard to his or her own judgment or opinion concerning the propriety of the act to be performed." 63C Am.Jur.2d *Public Officers and Employees* § 318 (updated through Feb. 2014). In other words, if the employee has no choice but to do the act, it is ministerial.

On the other hand, a discretionary act is usually described as one calling for a "good faith judgment call[] made in a legally uncertain environment." *Yanero*, 65 S.W.3d at 522. It is an act "involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Id.* Given the volume of litigation on the subject, it is clear that these definitions are not a model of clarity. No doubt, this is due to their having been written in general, somewhat sweeping terms.

. . . .

The distinction between discretionary acts and mandatory acts is essentially the difference between making higher-level decisions and giving orders to effectuate those decisions, and simply following orders.

*Marson v. Thomason*, 438 S.W.3d 292, 297 (Ky. 2014).

This distinction is important because, if performing discretionary acts, the City is entitled to qualified immunity from tort litigation. "Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion

and judgment, or personal deliberation, decision, and judgment[;] (2) in good faith; and (3) within the scope of the employee's authority." *Yanero*, 65 S.W.3d at 522 (citations omitted). However, the City can be liable in tort for failing to perform or negligently performing ministerial acts. *Id.*

Welch argues the ordinance *at least* creates a ministerial duty for the City to notify adjacent property owners regarding sidewalk repairs, which it did not appear to do, based on discovery currently in the record before us. In turn, the City argues the ordinance is further evidence that sidewalk repair and maintenance involve discretionary acts because the ordinance does not require the City *to make* the repairs, but rather to see that the repairs *are made*, presumably by a third party.

The ordinance, which the circuit court did not consider, is key. While the City is not required to inspect or repair the sidewalks, the ordinance requires the City to give written notice to property owners when it becomes aware of sidewalks that are in disrepair. Thus, in this case, *if* the City had actual knowledge that this section of the sidewalk needed to be repaired, the ordinance required the City to: (1) immediately notify the affected property owner(s) in writing, (2) explain the need for the sidewalk to be repaired, and (3) demand the owner(s) do so within ten days.

The circuit court obviously did not consider whether the City's duty to notify had been triggered and whether it complied with it prior to Welch's fall.

Additionally, it is unclear whether Welch had an opportunity to take discovery on the City's compliance with the ordinance since the City originally disclaimed that an applicable ordinance existed. While the circuit court may have reached the correct result if no such ordinance existed, we cannot ignore the law. The ordinance is applicable, and it affects this dispute both factually and legally. Because the circuit court did not take the ordinance into account, we must vacate its judgment and remand for additional proceedings, including limited discovery on the City's compliance with the notification section of the ordinance.

## IV. CONCLUSION

For the foregoing reasons, the order of the Jefferson Circuit Court is vacated and remanded for proceedings consistent with this Opinion.


CALDWELL, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.


BRIEFS FOR APPELLANT:

Brian Brownfield
Louisville, Kentucky

BRIEF FOR APPELLEES:

Carol Schureck Petitt
Tess M. Fortune
Pewee Valley, Kentucky